STUART, Justice
(dissenting).
The gravamen of Myrtis Hill’s medical-malpractice claim is that Fairfield Nursing and Rehabilitation Center, LLC (“Fair-field”), breached the standard of care by not requiring the use of a mechanical lift, a gait belt, or multiple staff members when Hill was being transferred into or out of her bed at Fairfield’s nursing-home facility. It is undisputed that the physical-therapy department at the nursing home was responsible for assessing residents *416 and deciding what level of assistance they needed when being transferred; accordingly, I believe the applicable standard of care is the level of reasonable care, skill, and diligence provided by physical therapists, not nurses. Because Hill failed to establish through testimony from a physical therapist that there had been a breach of that standard of care, I would affirm the judgment as a matter of law entered for Fairfield by the trial court. See Holcomb v. Cairaway, 945 So.2d 1009, 1012 (Ala. 2006) (providing that expert testimony establishing a breach of the standard of care is allowed only from a similarly situated health-care provider).
Under cross-examination by Fairfield’s attorney, Janie Dawson, the director of nursing at the nursing-home facility, testified as follows regarding Fairfield’s policy for determining what level of assistance is given residents when they are being transferred:
“Q. What is [a] physical therapist?
“A. It is someone who is trained in the ability to assist[] a resident and know what they need as far as ambulation.
“Q. Who makes the decision whether any particular individual needs [the] use of a lift?
“A. The therapy department.
“Q. Does nursing do it?
“A. No. We just make — we just send assessments over to them.
“Q. Does [that] mean you make that check [next to ‘needs lift’ on the assessment form]?
“A. Yes, sir.
“Q. Does that mean that you inform therapy?
“A. Yes, sir.
“Q. There is a communication sent to therapy?
“A. Yes, sir.
“Q Can nursing make a determination that someone needs a lift?
“A. No, sir.
“Q. Is that solely within the responsibility of a physical therapist?
“A. Yes, sir.
[[Image here]]
“Q. To your knowledge, are physical therapists the same as nurses?
“A. No, they are not.
“Q. To your knowledge, are physical therapists the same as CNAs or certified nursing assistants?
“A. No, sir, they are not.
“Q. Are they the same as [licensed practical nurses]?
“A. No, sir.
“Q. Do physical therapists go through a complete and separate training?
“A. Yes, sir.
“Q. Are physical therapists a complete and separate medical field — is physical therapy a complete and separate medical field from nursing?
“A. Yes, sir.
“Q. To your knowledge, do physical therapists have different standards and standards of care than nursing?
“A. Yes.
“Q. Can you make, as a registered nurse with, you said, 13 years of experience and [as] director of nursing at Fairfield—
“A. Yes, sir.
“Q. —with that background, are you able to make physical therapy assessments?
“A. No, sir.
“Q. Now, when a resident comes into Fairfield and there are fall[ ] *417 risk[s], does physical therapy assess[ ] them?
“A. Yes, sir.
“Q. If a resident is thought to need a lift, does physical therapy assess them?
“A. Yes, sir.
“Q. Can nursing assess them for the use of a lift?
“A. No, sir.
“Q. Once physical therapy assesses them, does physical therapy decide how many people will be used to transfer a resident, one or two?
“A. Yes, sir.
“Q. Can a nurse make a decision that overrides a physical therapy decision with respect to a lift?
“A. No, sir.
“Q. Can a nurse, even a [director of nursing] such as yourself, can they make a decision that overrides a decision or instruction by physical therapy for a one-person assist?
“A. No, sir.
“Q. Is this a determination that is to be made by physical therapy?
“A. Yes, sir. They are trained in that area.”
When Toya Nelson, Hill’s expert witness, was subsequently asked about this issue on voir dire by counsel for Fairfield, she acknowledged that she was not a physical therapist and that she could not testify regarding the standard of care that applies to decisions made by physical therapists:
“Q. Okay. Let me ask you this: Are you a physical therapist?
“A. No, I am not.
“Q. Have you ever had any physical therapy training?
“A. No.
“Q. Can you make a judgment or render an opinion with respect to the
standard of care with a physical therapist?
“A. I can’t.
“Q. You are here to do that?
“A. No.
“Q. If a physical therapist assessed or decided whether an individual needed a gait belt or a lift, you couldn’t criticize or discuss what the physical therapist’s decision was with respect to whether it was a deviation of the standard of care, could you?
“A. Physical therapy?
“Q. If they made that decision?
“A. Physical therapy?
“Q. If physical therapy is making that decision, you can’t render an opinion as to whether that decision is correct or not or within the standard of care?
“A. Therapist or for nursing?
“Q. For a therapist.
“A. No.
“Q. You can’t render that?
“A. No.
“Q. If nursing didn’t make that assessment and physical therapy did make that assessment, that is something for a physical therapist to decide?
“A. Yes.
“Q. You can’t sit here and say that a physical therapist should have done one thing or shouldn’t have done another; correct?
“A. That’s right.”
Nelson also testified that she could not dispute that it was the physical-therapy department at the nursing-home facility that made the decisions as to what transfer assistance should be given to its residents. Moreover, Nelson did not testify that the standard of care for nurses and *418 certified nurse assistants required them to dispute or to override the recommendations made by the physical-therapy department if they disagreed with those decisions.
Thus, the undisputed evidence at trial indicated that the physical-therapy department at the nursing-home facility determined the specific guidelines for assisting individual residents with transfers. This lawsuit is premised on the allegation that Fairfield committed malpractice by not mandating that Hill be given additional assistance when being transferred, and, because it was the physical-therapy department at the nursing-home facility — not the nursing department — that made the decision that Hill did not need additional assistance, I believe the relevant standard of care is the standard applicable to physical therapists. In other words, the standard of care should not change if the individual assisting Hill at the time of her accident was a nurse, a certified nursing assistant, a physical therapist, a doctor, or an unskilled staff member; the physical-therapy department made the decision on what transfer assistance was needed for Hill, and others were expected to act in accordance with that decision. Nelson, a registered nurse, explicitly acknowledged that she is not qualified to render a professional opinion as to whether a physical therapist had breached a standard of care applicable to physical therapists. Her admission is consistent with § 6-5-548, Ala. Code 1975, which bars health-care providers licensed, trained, and experienced in one discipline from testifying that healthcare providers practicing in a separate discipline breached a standard of care applicable to that separate discipline. Because the standard of care at issue in this case is the standard employed by physical therapists, Nelson was not authorized to testify as to whether that standard was breached.[16] No other expert testified that there had been a breach of the standard of care — Dr. Volgas’s testimony was limited to proving causation, and, in any event, he, like Nelson, was not trained as a physical therapist. Thus, the trial court correctly entered a judgment as a matter of law for Fairfield because Hill failed to put forth substantial evidence from which a jury could conclude that there had been a breach of the applicable standard of care.
Because all the defendants for whom a summary judgment had been previously entered would also have been entitled to judgment as a matter of law for this reason, it is unnecessary to consider Hill’s argument that the trial court erred in entering that summary judgment. For these reasons, I respectfully dissent.

. In her brief, Hill also refers to alleged breaches of die standard of care committed by Fairfield nurses with regard to the failure to put proper information in Hill’s care plan and daily-care guides. Although she does not specifically address these alleged breaches in the argument section of her brief, it is apparent from elsewhere in her brief and from the record that Hill is referring generally to the nurses' failure to assess Hill as needing a lift, a gait belt, or multiple staff members for transfers and documenting that fact in her care guides. As evidenced by Dawson’s undisputed testimony, however, those were decisions to be made by the physical-therapy department — which did in fact conduct an assessment of Hill's mobility in the month before her accident and did not conclude that the assistance Nelson testifies she needed was required — and the nursing staff was unable to override those decisions.